White, J.
The statute in force at the time this improve- ' ment was ordered, required the assessment of its cost upon the abutting property to be either in proportion to the feet front, *168 or to tke value of suck property as assessed for taxation, as the corporation in each case might determine. S. & 0. 3 501, § 26 ; Id. 1505, § 30.
The ordinance in this case, directing the improvement to be made, prescribed that the cost and expenses of the improvement should “be assessed and levied upon the several lots fronting and abutting thereon, in proportion to the feet front.”
The assessment sought to be enforced in this case was made in violation of this ordinance and of the statute. The assessment was not levied upon the abutting property in proportion to the feet front. The effect of the ordinance levying the assessment was to charge the 'abutting property, north of Schiller street, at the rate of one dollar live cents and six mills per front foot, and that south of Schiller street at the rate of three dollars twenty-oue cents and eight and one-tenth mills per front foot.
For whatever sum the assessment was made, it ought to have been levied at a uniform rate upon all of the property abutting on the improvement.
The court, therefore, erred in treating the assessing ordinance as valid, and in giving it effect.
It is claimed on behalf of the plaintiffs in error, that the court erred ,in overruling the demurrer to the petition. In view of section 550 of the municipal code of 3869, and of the character of the petition, we do not think so. That section provides that, “ If in any such action it shall appear, that by. reason of any irregularity or defect, whether in the proceedings of the board of improvements or of the council, or of any other officer of the corporation, or in the plans or estimates, the assessment has not been properly made against any defendant, or upon any lot or parcel of land sought to be charged, the court may, nevertheless, on satisfactory proof .that expense has been incurred, which is a proper charge against such defendant, or the lot or parcel of land in question, render judgment for the amount properly chargeable against such defendant, or on such lot of land.” ...
Notwithstanding the invalidity of the assessment as made, the petition showed that expense had been incurred, which *169 was a proper charge against the defendants and the abutting property. The petition, therefore, was sufficient to authorize an inquiry as to the amount thus chargeable.
Whether the work done by the owners of lots north of Schiller street was attributable to any irregularity on the part of the council, or of any officer of the corporation, does not appear from the record.
Rut if such should be found to be the fact, the irregularity could not have the effect of increasing the burden of the other lot owners, beyond what it would have been if the entire work had been performed under the contract, and the cost thereof legally assessed.
The judgments against the plaintiffs in error are reversed, and the cause is remanded to the court of common pleas, to ascertain and determine the several amounts properly chargeable against them, under section 550 of the code, above referred to, and for such further proceedings against the city, or otherwise, as may be authorized by law.